949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony GRANT, Defendant-Appellant.
 No. 90-3815.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 10, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On July 30, 1990, a jury convicted Tony Grant of conspiracy to possess with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. § 846. On appeal, Grant claims that there is insufficient evidence to prove that he conspired with co-defendant Gerardo Rivera to commit the offense.
 
 I. FACTS
 
 2
 On February 26, 1990, Rivera contacted Domingo Alvarez, an undercover informant, and asked to buy two to three kilograms of cocaine. This telephone conversation was monitored, with Alvarez's permission, by Drug Enforcement Administration (DEA) agent Michael Grobb. Alvarez and Rivera had another telephone conversation that evening.[1] Rivera stated that he needed the cocaine the next day for some other people.
 
 
 3
 On the morning of February 27, Alvarez and Rivera spoke again. They arranged to meet in a Wendy's restaurant parking lot to discuss the details of the exchange. Alvarez told Rivera that he would have a friend with him. That friend was special agent Rafael Tovar, who was posing as a drug dealer. In that conversation, Rivera agreed to purchase three kilograms of cocaine from agent Tovar for $19,500 per kilogram. The group agreed to meet again later.
 
 
 4
 Rivera paged Alvarez before the next meeting was scheduled. Rivera stated that he was waiting at the Des Plaines Oasis for the person who was bringing the money to pay for the cocaine. Alvarez went to the oasis and met Rivera who explained that his "buddy" only brought enough money to purchase one kilogram of cocaine. When agent Tovar came to the oasis, Rivera entered his car and again explained that there was only enough money for one kilogram. Agent Tovar and Rivera exited the car and headed towards the MacDonald's Restaurant where Rivera planned to meet the person with the money. At this time, Tony Grant, carrying a shoulder bag, approached Tovar and Rivera. Grant, Rivera and agent Tovar went to Rivera's car and sat inside. Rivera introduced Tovar to Grant. Grant explained that due to events from the weekend, he did not have the money for three kilograms, but asked Tovar to reserve some cocaine for him in the future. Grant handed Tovar a bag containing $22,000. Agent Tovar asked why there was $22,000 when the agreed upon price was $19,500. Grant responded that Rivera's share was included in the $22,000. Tovar asked Grant if he would like to accompany him to his car to retrieve the cocaine. Grant said no. Tovar then gave the arrest signal, and Grant and Rivera were arrested.
 
 II. ANALYSIS
 
 5
 On appeal Grant argues that there is insufficient evidence to prove that he conspired with Rivera to purchase the cocaine. He argues, instead, that he and Rivera individually made deals with Tovar. Because he conspired only with a government agent, and because a defendant cannot create a conspiracy with a government agent,[2] Grant argues that the conviction cannot stand.
 
 
 6
 When a defendant challenges the sufficiency of the evidence to support a conspiracy conviction, we review the evidence in the light most favorable to the government. United States v. Scop, 940 F.2d 1004, 1010 (7th Cir.1991). "The verdict will be sustained if there is substantial evidence to support it." Id. at 1011.
 
 
 7
 A conspiratorial agreement may be proven by circumstantial as well as direct evidence. United States v. Cea, 914 F.2d 881, 886 (7th Cir.1990). Rivera negotiated this deal. In the telephone conversations, Rivera referred to a person who had the money. That person turned out to be Grant. At first, Rivera requested three kilograms of cocaine. However, he later told agent Tovar that only one kilogram would be purchased. This was confirmed by Grant when he met with Rivera and agent Tovar at the oasis. From this, it can be inferred that Rivera and Grant remained in contact and conspired to complete the deal. In addition, there is direct evidence to support this conspiracy conviction. Grant recognized Rivera at the oasis. Grant, Rivera, and agent Tovar sat inside Rivera's car and exchanged the money. Finally, Grant paid Rivera for his role in the conspiracy.
 
 
 8
 There is sufficient evidence to prove a conspiratorial relationship between Grant and Rivera. The decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Again, this conversation was recorded
 
 
 [2]
 See United States v. Escobar de Bright, 742 F.2d 1196 (9th Cir.1984); Sears v. United States, 343 F.2d 139 (5th Cir.1965)